IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TERRIL CASH                                                                    PLAINTIFF

vs.                                    Civil No. 2:14-cv-02046

CAROLYN W. COLVIN                                                      DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Terril Cash ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for

Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of

disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

## 1.   Background:

Plaintiff filed his disability applications on December 2, 2010.  (Tr. 271-286).  In his

applications, Plaintiff alleges being disabled due to high blood pressure, anxiety, traumatic brain

injury, and back pain.  (Tr. 302).  Plaintiff alleges an onset date of December 18, 2007.  (Tr. 106).

These applications were denied initially and again upon reconsideration.  (Tr. 149-198).

_____

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The
transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (Tr. 121-148). On November 28, 2012, the ALJ held an administrative hearing to address Plaintiff's applications. *Id.* This hearing was held in Charlotte, North Carolina. *Id.* Plaintiff was present at this hearing and was represented by H. Kent Crowe. *Id.* Plaintiff and Vocational Expert ("VE") Katherine Mooney testified at this hearing. *Id.* At the time of this hearing, Plaintiff testified he has a high school education. (Tr. 139).

After this hearing, on January 11, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 103-116). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2008. (Tr. 108, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 18, 2007, his alleged onset date. (Tr. 108, Finding 2). The ALJ determined Plaintiff had the following severe impairments: status post traumatic brain injury, degenerative disease of the lumbar spine, hypertension, and generalized anxiety disorder. (Tr. 108-110, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 110-111, Finding 4). The ALJ determined Plaintiff was forty-five (45) years old on his alleged onset date. (Tr. 115, Finding 7). This is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). *Id.*

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 111-114, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to occasional climbing of ladders and he must avoid concentrated exposure to hazards.  He is also limited to simple, routine, repetitive tasks in a stable environment at a nonproduction pace.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW he could perform.  (Tr. 114-115, Finding 6).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 115-116, Finding 10).   The VE testified at the administrative hearing regarding this issue.  *Id.* Considering his age, education, work experience, and RFC, the ALJ determined Plaintiff retained the capacity to perform the following representative occupations: (1) Storage Facility Rental Clerk with 4,685 such jobs in North Carolina and 180,000 such jobs nationwide; (2) Sales Attendant with 5,100 such jobs in North Carolina and 556,000 such jobs nationwide; and (3) Parking Lot Cashier with 1,300 such jobs in North Carolina and 42,500 such jobs nationwide.  (Tr. 115-116, Finding 10). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from December 18, 2007 through the date of the ALJ's decision or through January 11, 2013.  (Tr. 116, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  On February 24, 2014, the Appeals Council denied this request for review.  (Tr. 1-3). Plaintiff then filed the present appeal on March 13, 2014.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on March 19, 2014.  ECF No. 7.  This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.   <u>Discussion</u>:**

In his appeal brief, Plaintiff raises the following three arguments for reversal: (1) the ALJ failed to fully develop the record; (2) the ALJ erred in assessing his credibility; and (3) the ALJ erred in assessing his RFC.  ECF No. 9.  Because the ALJ improperly evaluated his subjective complaints, the Court will only address Plaintiff's second claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.   *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements from *Polaski* or from 20

---

require the analysis of these additional factors in this case.

C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  (Tr. 111-114).  Instead, the ALJ found Plaintiff's RFC was "appropriate in light of the objective medical evidence."  (Tr. 114).  The ALJ also found that Plaintiff's "testimony and subjective statements regarding the intensity and limiting effects of his pain and other symptoms . . . [were] . . . not credible because . . . [they were] . . . inconsistent *with the medical evidence* and his activities of daily living." (Tr. 113) (emphasis added).

Further, even though the ALJ also included a reference to "activities of daily living" when discounting Plaintiff's subjective complaints, the Court finds those activities are certainly not extensive.  As the ALJ noted, those activities included "caring for his own personal hygiene needs, fixing light meals, shopping for personal items and groceries, handling his own finances, performing most household chores, and walking a mile a day for exercise."  *Id.*  Indeed, the only activity which seems to demonstrate he is able to work is the finding that he can walk "a mile a day for exercise." Plaintiff, however, primarily alleges a *mental impairment* due to his "post traumatic brain injury." (Tr. 108, Finding 3).  The fact he has a limited ability to exercise is not inconsistent with his alleged disability.

Finally, according to his third party function report, Plaintiff's daily activities are "much slower," and his wife has to assist him with many of those activities.  (Tr. 310-317).  This report is further support for the finding that these activities are not as extensive as the ALJ indicated in his opinion.  Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

---

[3] This case was decide in North Carolina, where *Polaski* would not apply.  However, the factors from these social security regulations did apply.

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[4]   A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 5th day of March 2015.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[4] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski.*  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.